## CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed June 18, 1906.

JOHN S. GITTINGS ET AL.
VS.
MARYLAND TRUST COMPANY.

*John S. Wise* for John S. Alexander.
*Lemmon & Clotworthy* for Maryland Trust Company.

DOBLER, J.—

Upon consideration of the proceedings and evidence in the matter of the exceptions of the Maryland Trust Company and of John S. Alexander and of Alfred Bishop Mason to the auditor's report and account filed on the 9th day of April, 1906, I am unable to recognize the validity of the claim for $55,000 asserted by Alfred Bishop Mason. John S. Alexander, who, by the contract of April 22nd, 1904, becomes the recipient of any dividend which might be allowed upon it, testifies that he does not believe the statement of Mason with respect to the expenditure of money upon which the claim is based. It is true that the Maryland Trust Co. does not press its exception beyond a protest against the allowance of interest upon the sum of $55,000, contending that interest should only be computed upon actual "money advanced by Mason at various times," and not upon a bogus claim, though recognized to some extent in the declaration of trust and agreement between the Maryland Trust Company and Alfred Bishop Mason, dated March 14, 1902; but when a court of equity is compelled to pronounce a claim invalid, unwarranted and fictitious as to the principal it can no more permit that principal than the interest thereupon to be made the basis of a dividend. The entire dividend awarded in the auditor's account upon the alleged claim of Alfred Bishop Mason, under the agreement of March 14, 1902 ("Petitioner's Exh. No. 3"), will therefore be disallowed. The effect of this will be to increase the amount of the indebtedness of the said Alfred Bishop Mason to John S. Alexander, above that stated in said account. The exceptions of Alfred Bishop Mason and the 1st, 2nd and 3rd exceptions of John S. Alexander ' (the other exceptions of said Alexander having been withdrawn at the hearing) will be overruled.

I will sign such a decree or orders as may be necessary, in accordance with the aforegoing opinion.